**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRADY MISNER | ) | CASE NO. |
| 1075 Kenwick Road | ) | |
| Columbus, Ohio 43209, | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND INJUNCTIVE RELIEF** |
| AMAZON.COM SERVICES, LLC | ) | |
| 1550 West Main Street | ) | **JURY DEMAND ENDORSED** |
| West Jefferson, Ohio 43162, | ) | **HEREIN** |
| | ) | |
| **Serve Also:** | ) | |
| | ) | |
| AMAZON.COM SERVICES, LLC | ) | |
| c/o Corporation Service Company | ) | |
| Registered Agent | ) | |
| 3366 Riverside Drive, Suite 103 | ) | |
| Upper Arlington, Ohio 43221, | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| WINNIE JEAN-PIERRE | ) | |
| c/o Amazon.com Services LLC | ) | |
| 1550 West Main Street | ) | |
| West Jefferson, Ohio 43162, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Brady Misner, by and through undersigned counsel, as his Complaint against

Defendants Amazon.com Services, LLC ("Amazon") and Winnie Jean-Pierre, states and avers the

following:

**PARTIES, JURISDICTION, AND VENUE**

1. Misner is a resident of the City of Columbus, Franklin County, Ohio.

2. At all times herein, Misner was acting in the course and scope of his employment.

3. Amazon is a foreign limited liability company that does business at 1550 West Main Street, West Jefferson, Ohio 43162.

4. Amazon is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq.*

5. Winnie Jean-Pierre is a resident of the State of Ohio.

6. At all times herein, Jean-Pierre was acting in the course and scope of her employment.

7. Jean-Pierre, is and, at all times hereinafter mentioned, was an individual who was a manager and/or supervisor at Amazon and who aided, abetted, and incited the discriminatory and/or retaliatory acts described hereafter in violation of R.C. § 4112.01 *et seq.*

8. Amazon hires citizens of the State of Ohio, contracts with companies in Ohio, and owns or rents property in Ohio. As such, the exercise of personal jurisdiction over Amazon comports with due process.

9. The claims herein arose from or relates to the contracts of Amazon with Ohio residents, thereby conferring specific jurisdiction over Defendants.

10. All of the material events alleged in this Complaint occurred in Madison County.

11. Personal jurisdiction is proper over Defendants pursuant to R.C. § 2307.382(A)(1), (3), (4) and (6).

12. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Misner is alleging a Federal Law Claim under the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 *et seq.*

13. This Court has supplemental jurisdiction over Misner's state law claims pursuant to 28 U.S.C. § 1367 as Misner's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

15. Within 300 days of the conduct alleged below, Misner filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-2023-00981 (22A-2023-00547) against Defendants ("Misner EEOC Charge").

16. On or about October 2, 2023, the EEOC issued a Notice of Right to Sue letter to Misner regarding the Charges of Discrimination brought by Misner against Amazon in the Misner EEOC Charge.

17. Misner dually filed the Misner EEOC Charge with the EEOC and the Ohio Civil Rights Commission.

18. Misner received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

19. Misner has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

20. Misner has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

21. Misner has properly exhausted his administrative remedies pursuant to R.C. § 4112.052.

## FACTS

22. Misner is a former employee of Amazon.

23. Misner began working for Amazon on or about August 31, 2022.

24. Misner worked for Amazon in the IB Stowing Department.

25. Misner previously worked for Amazon in Utah.

26. Prior to joining Amazon in Ohio, Misner filed charges of disability discrimination against Amazon with the EEOC and the Utah Labor Commission ("Utah Charges").

27. After filing his Utah Charges, Misner was protected against retaliation due to the filing of the Utah Charges under State and Federal law.

28. In or around the second week of September 2022, Misner asked Melanie Kendall, an Area Manager II, how to request Slack messages from back when Misner worked in an Amazon warehouse in Utah.

29. Misner asked for these messages because evidence relevant to his pending Utah Charges ("Evidence Request").

30. In response to the Evidence Request, Kendall refused to provide the evidence to Misner.

31. On or about September 14, 2022, Misner reached out to Amazon's legal department through email to reiterate his Evidence Request.

32. Misner's Evidence Request specifically asked for Slack messages between himself, his previous Utah Manager, and his previous Utah Manager's personal assistant from March 2022 through May 5, 2022.

33. In response to Misner's Evidence Request, Amazon's legal department did not provide the evidence to Misner.

34. In response to Misner's Evidence Request, Amazon's legal department instead created a "trouble ticket".

35. After the trouble ticket was created, Misner received an email from Winnie Jean-Pierre.

36. Jean-Pierre was a Human Resource Investigator at Amazon.

37. Jean-Pierre was not involved in the decision to hire Misner.

38. In her email, Jean-Pierre informed Misner that Amazon was opening an investigation into him because of the trouble ticket created by the legal department ("Retaliatory Investigation").

39. In or around the first week of October 2022, Jean-Pierre prosecuted Amazon's Retaliatory Investigation by questioning Miser repeatedly about the trouble ticket.

40. Misner informed Jean-Pierre that the documentation asked for by the Evidence Request was needed by Misner's attorney for the Utah Charge.

41. Immediately after speaking with Jean-Pierre, Misner was locked out of the trouble ticket and could no longer access or view the ticket or his Evidence Request.

42. Jean-Pierre was responsible for locking Misner out of his trouble ticket.

43. Misner then requested copies of the original trouble ticket created by the legal department in response to his Evidence Request and the trouble ticket that was recently modified by Jean-Pierre ("Ticket Request").

44. In response to the Ticket Request, Jean-Pierre refused to provide the ticket.

45. In response to the Ticket Request and the Evidence Request, Defendants removed Misner from the work schedule the same day as the Ticket Request.

46. In response to the Ticket Request and the Evidence Request, Defendants disabled Misner's access to Amazon's A to Z application that Misner needed for work.

47. On or about October 5, 2022, Defendants terminated Misner's employment ("Termination").

48. On or about October 5, 2022, Defendants did not provide a reason for the Termination.

49. On or about October 7, 2022, Jean-Pierre emailed Misner to say that the reason for the Termination was that Misner had violated Amazon's code of conduct.

50. When asked how Misner had violated Amazon's code of conduct, Jean-Pierre refused to explain, answer, or elaborate.

51. Jean-Pierre did not provide Misner with information regarding an appeal the Termination.

52. On or about October 8, 2022, Misner emailed Jean-Pierre denying that he had violated any Amazon code of conduct and requesting to participate in Amazon's appeal process ("Request for Appeal").

53. Defendants did not respond in any way to Misner's Request for Appeal.

54. The Termination was in retaliation for Misner filing his Utah Charges

55. The Termination was in retaliation for Misner opposing disability discrimination.

56. The Termination was in retaliation for Misner opposing discrimination.

57. The Termination was in retaliation for Misner reporting disability discrimination.

58. The Termination was in retaliation for Misner reporting discrimination.

59. The Termination was in retaliation for Misner for the Evidence Request.

60. The Termination was in retaliation for Misner for the Ticket Request.

61. The reasons for the Termination were false.

62. The reasons for the Termination were pretextual.

63. The reasons for the Termination were pretext for retaliation.

64. Defendants did not have a legitimate business reason for the Termination.

65. Defendants did not have a legal reason for the termination.

66. Defendants have a progressive disciplinary policy ("Discipline Policy").

67. A verbal warning is the lowest level of discipline in the Discipline Policy.

68. Misner did not receive a verbal warning before the Termination.

69. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

70. Misner did not receive a written warning before the Termination.

71. A termination is the highest level of discipline in the Discipline Policy.

72. Defendants knowingly skipped progressive disciplinary steps in terminating Misner.

73. Defendants knowingly terminated Misner's employment.

74. Defendants knowingly took an adverse employment action against Misner.

75. Defendants knowingly took an adverse action against Misner.

76. Defendants intentionally skipped progressive disciplinary steps in terminating Misner.

77. Defendants intentionally terminated Misner's employment.

78. Defendants intentionally took an adverse employment action against Misner.

79. Defendants intentionally took an adverse action against Misner.

80. Defendants knew that skipping progressive disciplinary steps in terminating Misner would cause Misner harm, including economic harm.

81. Defendants knew that terminating Misner would cause Misner harm, including economic harm.

82. Defendants willfully skipped progressive disciplinary steps in terminating Misner.

83. Defendants willfully terminated Misner's employment.

84. Defendants willfully took an adverse employment action against Misner.

85. Defendants willfully took an adverse action against Misner.

86. As a direct and proximate result of Defendants' conduct, Misner suffered and will continue to suffer damages.

## <u>COUNT I:  RETALIATION IN VIOLATION OF THE ADA</u>

87. Misner restates each and every prior paragraph of this complaint, as if it were fully restated herein.

88. As a result of Defendants' discriminatory conduct described above, Misner filed his Utah Charges due to the disability discrimination he was experiencing.

89. Subsequent to Misner filing an EEOC complaint, Misner's employment was terminated.

90. Defendants' actions were retaliatory in nature based on Misner's opposition to the unlawful discriminatory conduct.

91. Pursuant to the ADA, it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

92. As a direct and proximate result of Defendants' conduct, Misner suffered and will continue to suffer damages.

## COUNT II: RETALIATION IN VIOLATION OF R.C. § 4112.01 *et seq*.

93. Misner restates each and every prior paragraph of this complaint, as if it were fully restated herein.

94. As a result of Defendants' discriminatory conduct described above, Misner filed his Utah Charges due to the disability discrimination he was experiencing.

95. Subsequent to Misner filing an EEOC complaint, Misner's employment was terminated.

96. Defendants' actions were retaliatory in nature based on Misner's opposition to the unlawful discriminatory conduct.

97. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

98. As a direct and proximate result of Defendants' conduct, Misner suffered and will continue to suffer damages.

## COUNT III: UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION

99. Misner restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

100. Pursuant to R.C. § 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice..."

101. Jean-Pierre aided, abetted, incited, coerced, and/or compelled Amazon's discriminatory termination of Misner.

102. Jean-Pierre aided, abetted, incited, coerced, and/or compelled Amazon's discriminatory treatment of Misner.

103. Jean-Pierre aided, abetted, incited, coerced, and/or compelled Amazon's retaliatory termination of Misner.

104. Jean-Pierre aided, abetted, incited, coerced, and/or compelled Amazon's retaliatory treatment of Misner.

105. Jean-Pierre violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting, and inciting discrimination and retaliation.

106. As a direct and proximate result of Jean-Pierre's conduct, Misner has suffered and will continue to suffer damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Brady Misner respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i)    Requiring Amazon to abolish discrimination, harassment, and retaliation;

    (ii)    Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii)    Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate

complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

(iv)    Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

(v)    Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) An award against each Defendant of compensatory and monetary damages to compensate Misner for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Misner claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)
Gregory T. Shumaker (0095552)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (614) 556-4811
Fax:    (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
        greg.shumaker@spitzlawfirm.com

*Attorneys for Plaintiff Brady Misner*

## JURY DEMAND

Plaintiff Brady Misner demands a trial by jury by the maximum number of jurors permitted.

/s/ Trisha Breedlove
Trisha Breedlove (0095852)
Gregory T. Shumaker (0095552)

*Attorneys for Plaintiff Brady Misner*