**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**BRADY MISNER,**

                Plaintiff,

    v.

**AMAZON.COM SERVICES, LLC, et al.,**

                Defendants.

Case No. 2:23-cv-04122-EAS-KAJ

Judge Edmund A. Sargus, Jr.

## DEFENDANT AMAZON.COM SERVICES LLC'S  ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Now comes Defendant, Amazon.com Services LLC[1] ("Defendant" or "Amazon"), by and through its attorneys, Littler Mendelson, P.C., and for its Answer to Plaintiff's Complaint for Damages and Injunctive Relief ("Complaint"), states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Misner is a resident of the City of Columbus, Franklin County, Ohio.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, therefore, denies them.**

2.      At all times herein, Misner was acting in the course and scope of his employment.

**ANSWER:**    **Defendant denies the allegations in Paragraph 2 of the Complaint.**

---

[1] Plaintiff improperly identified the defendant as "Amazon.com Services, LLC," a non-existent entity. Plaintiff's employer, and the correct defendant, was Amazon.com Services LLC (no comma). Defendant treats Plaintiff's usage of "Amazon.com Services, LLC" and "Amazon" throughout as a reference to Amazon.com Services LLC and answers accordingly.

3.     Amazon is a foreign limited liability company that does business at 1550 West Main Street, West Jefferson, Ohio 43162.

**ANSWER:     Defendant admits the allegations in Paragraph 3 of the Complaint.**

4.     Amazon is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq*.

**ANSWER:     The allegations in Paragraph 4 of the Complaint call for a legal conclusion that is not amenable to admission or denial. To the extent an answer is required, Defendant admits it is an employer within the meaning of R.C. § 4112.01 *et seq.* but denies it committed any violation of the statutes or that Plaintiff is entitled to any relief whatsoever. Except as otherwise expressly admitted to herein, Defendant denies the allegations set forth in Paragraph 4 of the Complaint.**

5.     Winnie Jean-Pierre is a resident of the State of Ohio.

**ANSWER:     Defendant denies the allegations in Paragraph 5 of the Complaint.**

6.     At all times herein, Jean-Pierre was acting in the course and scope of her employment.

**ANSWER:     The allegations in Paragraph 6 of the Complaint call for a legal conclusion that is not amenable to admission or denial. To the extent an answer is required, Defendant denies the allegations in Paragraph 6 of the Complaint.**

7.     Jean-Pierre, is and, at all times hereinafter mentioned, was an individual who was a manager and/or supervisor at Amazon and who aided, abetted, and incited the discriminatory and/or retaliatory acts described hereafter in violation of R.C. § 4112.01 *et seq*.

**ANSWER:** **The allegations in Paragraph 7 of the Complaint call for a legal conclusion that is not amenable to admission or denial. To the extent an answer is required, Defendant denies the allegations in Paragraph 7 of the Complaint.**

8.     Amazon hires citizens of the State of Ohio, contracts with companies in Ohio, and owns or rents property in Ohio. As such, the exercise of personal jurisdiction over Amazon comports with due process.

**ANSWER:** **The allegations in Paragraph 8 of the Complaint call for a legal conclusion that is not amenable to admission or denial. To the extent an answer is required, Defendant does not dispute that the court has personal jurisdiction over with respect to this matter. Defendant denies engaging in any conduct giving rise to a cause of action.**

9.     The claims herein arose from or relates to the contracts of Amazon with Ohio residents, thereby conferring specific jurisdiction over Defendants.[2]

**ANSWER:** **The allegations in Paragraph 9 of the Complaint call for a legal conclusion that is not amenable to admission or denial. To the extent an answer is required, Defendant does not dispute that the Court has specific jurisdiction over it with respect to Plaintiff's claims in this matter. Defendant denies engaging in any conduct giving rise to a cause of action. Defendant denies the remaining allegations in Paragraph 9 of the Complaint.**

10.     All of the material events alleged in this Complaint occurred in Madison County.

**ANSWER:** **Defendant denies the allegations of Paragraph 10 of the Complaint.**

---

[2] Amazon responds on its behalf only. To the extent that an allegation uses the term Defendants – plural – Amazon responds only to the extent the allegation is as to it, and not co-defendant.

11.     Personal jurisdiction is proper over Defendants pursuant to R.C. § 2307.382(A)(1), (3), (4) and (6).

**ANSWER:     The allegations in Paragraph 11 of the Complaint call for a legal conclusion that is not amenable to admission or denial. To the extent an answer is required, Defendant admits that personal jurisdiction is proper over Amazon. Defendant denies engaging in any conduct giving rise to a cause of action.**

12.     This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Misner is alleging a Federal Law Claim under the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 *et seq*.

**ANSWER:     The allegations in Paragraph 12 of the Complaint call for a legal conclusion that is not amenable to admission or denial. To the extent an answer is required, Defendant admits the Court has subject matter jurisdiction over Plaintiff's claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Defendant denies engaging in any conduct giving rise to a cause of action.**

13.     This Court has supplemental jurisdiction over Misner's state law claims pursuant to 28 U.S.C. § 1367 as Misner's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

**ANSWER:     The allegations in Paragraph 13 of the Complaint call for a legal conclusion that is not amenable to admission or denial. To the extent an answer is required, Defendant admits the Court has supplemental jurisdiction over Plaintiff's claims under R.C. § 4112.01 *et seq*. Defendant denies engaging in any conduct giving rise to a cause of action.**

14.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**ANSWER:** **The allegations in Paragraph 14 of the Complaint call for a legal conclusion that is not amenable to admission or denial. To the extent an answer is required, Defendant admits venue is proper in this Court. Defendant denies engaging in any conduct giving rise to a cause of action.**

15. Within 300 days of the conduct alleged below, Misner filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-2023-00981 (22A-2023-00547) against Defendants ("Misner EEOC Charge").

**ANSWER:** **The allegations in Paragraph 15 of the Complaint call for a legal conclusion that is not amenable to admission or denial. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, therefore, denies them.**

16. On or about October 2, 2023, the EEOC issued a Notice of Right to Sue letter to Misner regarding the Charges of Discrimination brought by Misner against Amazon in the Misner EEOC Charge.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and, therefore, denies them.**

17. Misner dually filed the Misner EEOC Charge with the EEOC and the Ohio Civil Rights Commission.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and, therefore, denies them.**

5

18.     Misner received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

**ANSWER:     The allegations in Paragraph 18 of the Amended Complaint call for a legal conclusion that is not amenable to admission or denial. To the extent an answer is required, Defendant admits a purported Right to Sue letter from the EEOC was attached to Plaintiff's Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 of the Complaint and, therefore, denies them.**

19.     Misner has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

**ANSWER:     Defendant admits Plaintiff filed a complaint within 90 days of the issuance of the purported Right to Sue letter from the EEOC that was attached to Plaintiff's Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 of the Complaint and, therefore, denies them.**

20.     Misner has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

**ANSWER:     The allegations in Paragraph 20 of the Complaint call for a legal conclusion that is not amenable to admission or denial. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, therefore, denies them.**

21.     Misner has properly exhausted his administrative remedies pursuant to R.C. § 4112.052.

**ANSWER:**    The allegations in Paragraph 21 of the Complaint call for a legal conclusion that is not amenable to admission or denial. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and, therefore, denies them.

## FACTS

22.     Misner is a former employee of Amazon.

**ANSWER:**    Defendant admits the allegations in Paragraph 22 of the Complaint.

23.     Misner began working for Amazon on or about August 31, 2022.

**ANSWER:**    Defendant denies the allegations in Paragraph 23 of the Complaint.

24.     Misner worked for Amazon in the IB Stowing Department.

**ANSWER:**    Defendant admits that at certain times during his employment, Plaintiff work in IB Stowing. Defendant denies the remaining allegations in Paragraph 24 of the Complaint.

25.     Misner previously worked for Amazon in Utah.

**ANSWER:**    Defendant admits the allegations in Paragraph 25 of the Complaint.

26.     Prior to joining Amazon in Ohio, Misner filed charges of disability discrimination against Amazon with the EEOC and the Utah Labor Commission ("Utah Charges").

**ANSWER:**    Defendant admits Plaintiff filed a charge of discrimination against Amazon with the Utah Antidiscrimination Division of the Utah Labor Commission and that

such charge alleged claims of disability discrimination. **Defendant denies engaging in any conduct giving rise to a cause of action. Defendant denies the remaining allegations in Paragraph 26 of the Complaint.**

27.     After filing his Utah Charges, Misner was protected against retaliation due to the filing of the Utah Charges under State and Federal law.

**ANSWER:** **The allegations in Paragraph 27 of the Complaint call for a legal conclusion that is not amenable to admission or denial. To the extent an answer is required, Defendant admits that state and federal law protect individuals from retaliation as set forth in the statutes and relevant caselaw. Defendant denies engaging in any conduct giving rise to a cause of action.**

28.     In or around the second week of September 2022, Misner asked Melanie Kendall, an Area Manager II, how to request Slack messages from back when Misner worked in an Amazon warehouse in Utah.

**ANSWER:** **Defendant denies the allegations in Paragraph 28 of the Complaint.**

29.     Misner asked for these messages because evidence relevant to his pending Utah Charges ("Evidence Request").

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and, therefore, denies them.**

30.     In response to the Evidence Request, Kendall refused to provide the evidence to Misner.

**ANSWER:** **Defendant denies the allegations in Paragraph 30 of the Complaint.**

31.     On or about September 14, 2022, Misner reached out to Amazon's legal department through email to reiterate his Evidence Request.

**ANSWER:     Upon information and belief, Defendant denies the allegations in Paragraph 31 of the Complaint.**

32.     Misner's Evidence Request specifically asked for Slack messages between himself, his previous Utah Manager, and his previous Utah Manager's personal assistant from March 2022 through May 5, 2022.

**ANSWER:     Upon information and belief, Defendant denies the allegations in Paragraph 32 of the Complaint.**

33.     In response to Misner's Evidence Request, Amazon's legal department did not provide the evidence to Misner.

**ANSWER:     Defendant denies the allegations in Paragraph 33 of the Complaint.**

34.     In response to Misner's Evidence Request, Amazon's legal department instead created a "trouble ticket".

**ANSWER:     Defendant denies the allegations in Paragraph 34 of the Complaint.**

35.     After the trouble ticket was created, Misner received an email from Winnie Jean-Pierre.

**ANSWER:     Defendant denies the allegations in Paragraph 35 of the Complaint.**

36.     Jean-Pierre was a Human Resource Investigator at Amazon.

**ANSWER:     Defendant admits the allegations in Paragraph 36 of the Complaint.**

37.     Jean-Pierre was not involved in the decision to hire Misner.

**ANSWER:     Defendant admits the allegations in Paragraph 37 of the Complaint.**


38.     In her email, Jean-Pierre informed Misner that Amazon was opening an investigation into him because of the trouble ticket created by the legal department ("Retaliatory Investigation").

**ANSWER:     Defendant denies the allegations in Paragraph 38 of the Complaint.**


39.     In or around the first week of October 2022, Jean-Pierre prosecuted Amazon's Retaliatory Investigation by questioning Miser repeatedly about the trouble ticket.

**ANSWER:     Defendant denies the allegations in Paragraph 39 of the Complaint.**


40.     Misner informed Jean-Pierre that the documentation asked for by the Evidence Request was needed by Misner's attorney for the Utah Charge.

**ANSWER:     Defendant denies the allegations in Paragraph 40 of the Complaint.**


41.     Immediately after speaking with Jean-Pierre, Misner was locked out of the trouble ticket and could no longer access or view the ticket or his Evidence Request.

**ANSWER:     Defendant denies allegations in Paragraph 41 of the Complaint.**


42.     Jean-Pierre was responsible for locking Misner out of his trouble ticket.

**ANSWER:     Defendant denies the allegations in Paragraph 42 of the Complaint.**


43.     Misner then requested copies of the original trouble ticket created by the legal department in response to his Evidence Request and the trouble ticket that was recently modified by Jean-Pierre ("Ticket Request").

**ANSWER:     Defendant denies the allegations in Paragraph 43 of the Complaint.**

44.     In response to the Ticket Request, Jean-Pierre refused to provide the ticket.

**ANSWER:     Defendant denies Plaintiff Defendant denies the allegations in Paragraph 44 of the Complaint.**

45.     In response to the Ticket Request and the Evidence Request, Defendants removed Misner from the work schedule the same day as the Ticket Request.

**ANSWER:     Defendant denies the allegations in Paragraph 45 of the Complaint.**

46.     In response to the Ticket Request and the Evidence Request, Defendants disabled Misner's access to Amazon's A to Z application that Misner needed for work.

**ANSWER:     Defendant denies the allegations in Paragraph 46 of the Complaint.**

47.     On or about October 5, 2022, Defendants terminated Misner's employment ("Termination").

**ANSWER:     Defendant denies the allegations in Paragraph 47 of the Complaint.**

48.     On or about October 5, 2022, Defendants did not provide a reason for the Termination.

**ANSWER:     Defendant denies the allegations in Paragraph 48 of the Complaint.**

49.     On or about October 7, 2022, Jean-Pierre emailed Misner to say that the reason for the Termination was that Misner had violated Amazon's code of conduct.

**ANSWER:     Defendant denies the allegations in Paragraph 49 of the Complaint.**

50.     When asked how Misner had violated Amazon's code of conduct, Jean-Pierre refused to explain, answer, or elaborate.

**ANSWER:**    Defendant denies the allegations in Paragraph 50 of the Complaint.

51.    Jean-Pierre did not provide Misner with information regarding an appeal the Termination.

**ANSWER:    Defendant admits Jean-Pierre did not provide Plaintiff with information regarding an appeal. Defendant denies the remaining allegations in Paragraph 51 of the Complaint.**

52.    On or about October 8, 2022, Misner emailed Jean-Pierre denying that he had violated any Amazon code of conduct and requesting to participate in Amazon's appeal process ("Request for Appeal").

**ANSWER:**    Defendant denies the allegations in Paragraph 52 of the Complaint.

53.    Defendants did not respond in any way to Misner's Request for Appeal.

**ANSWER:**    Defendant admits the allegations in Paragraph 53 of the Complaint.

54.    The Termination was in retaliation for Misner filing his Utah Charges.

**ANSWER:**    Defendant denies the allegations in Paragraph 54 of the Complaint.

55.    The Termination was in retaliation for Misner opposing disability discrimination.

**ANSWER:**    Defendant denies the allegations in Paragraph 55 of the Complaint.

56.    The Termination was in retaliation for Misner opposing discrimination.

**ANSWER:**    Defendant denies the allegations in Paragraph 56 of the Complaint.

57.     The Termination was in retaliation for Misner reporting disability discrimination.

**ANSWER:** **Defendant denies the allegations in Paragraph 57 of the Complaint.**

58.     The Termination was in retaliation for Misner reporting discrimination.

**ANSWER:** **Defendant denies the allegations in Paragraph 58 of the Complaint.**

59.     The Termination was in retaliation for Misner for the Evidence Request.

**ANSWER:** **Defendant denies the allegations in Paragraph 59 of the Complaint.**

60.     The Termination was in retaliation for Misner for the Ticket Request.

**ANSWER:** **Defendant denies the allegations in Paragraph 60 of the Complaint.**

61.     The reasons for the Termination were false.

**ANSWER:** **Defendant denies the allegations in Paragraph 61 of the Complaint.**

62.     The reasons for the Termination were pretextual.

**ANSWER:** **Defendant denies the allegations in Paragraph 62 of the Complaint.**

63.     The reasons for the Termination were pretext for retaliation.

**ANSWER:** **Defendant denies the allegations in Paragraph 63 of the Complaint.**

64.     Defendants did not have a legitimate business reason for the Termination.

**ANSWER:** **Defendant denies the allegations in Paragraph 64 of the Complaint.**

65. Defendants did not have a legal reason for the termination.

**ANSWER:** **Defendant denies the allegations in Paragraph 65 of the Complaint.**

66. Defendants have a progressive disciplinary policy ("Discipline Policy").

**ANSWER:** **The allegation contained in Paragraph 66 of the Complaint is vague and ambiguous with respect to the term "progressive disciplinary policy ('Discipline Policy')" and, therefore, Defendant denies the same as it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66 of the Complaint. Except as expressly admitted herein as true, Defendant denies the allegations set forth in Paragraph 66 of the Complaint.**

67. A verbal warning is the lowest level of discipline in the Discipline Policy.

**ANSWER:** **The allegation contained in Paragraph 67 of the Complaint is vague and ambiguous with respect to the term "Discipline Policy," as Plaintiff purported to define such term in Paragraph 66 of the Complaint, and, therefore, Defendant denies the same as it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67 of the Complaint. Except as expressly admitted herein as true, Defendant denies the allegations set forth in Paragraph 67 of the Complaint.**

68. Misner did not receive a verbal warning before the Termination.

**ANSWER:** **Defendant admits Plaintiff did not receive a verbal warning. Defendant denies the remaining allegations in Paragraph 68 of the Complaint.**

69.     A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

**ANSWER:     The allegation contained in Paragraph 69 of the Complaint is vague and ambiguous with respect to the term "Discipline Policy," as Plaintiff purported to define such term in Paragraph 66 of the Complaint, and, therefore, Defendant denies the same as it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 69 of the Complaint. Except as expressly admitted herein as true, Defendant denies the allegations set forth in Paragraph 69 of the Complaint.**

70.     Misner did not receive a written warning before the Termination.

**ANSWER:     Defendant denies the allegations in Paragraph 70 of the Complaint.**

71.     A termination is the highest level of discipline in the Discipline Policy.

**ANSWER:     The allegation contained in Paragraph 71 of the Complaint is vague and ambiguous with respect to the term "Discipline Policy," as Plaintiff purported to define such term in Paragraph 66 of the Complaint, and, therefore, Defendant denies the same as it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 71 of the Complaint. Except as expressly admitted herein as true, Defendant denies the allegations set forth in Paragraph 71 of the Complaint.**

72.     Defendants knowingly skipped progressive disciplinary steps in terminating Misner.

**ANSWER:     The allegations in Paragraph 72 of the Complaint call for a legal conclusion that is not amenable to admission or denial. To the extent an answer is required, Defendant denies the allegations in Paragraph 72 of the Complaint.**

73.     Defendants knowingly terminated Misner's employment.

**ANSWER:     The allegations in Paragraph 73 of the Complaint call for a legal conclusion that is not amenable to admission or denial. To the extent an answer is required, Defendant denies the allegations in Paragraph 73 of the Complaint.**

74.     Defendants knowingly took an adverse employment action against Misner.

**ANSWER:     The allegations in Paragraph 74 of the Complaint call for a legal conclusion that is not amenable to admission or denial. To the extent an answer is required, Defendant denies the allegations in Paragraph 74 of the Complaint.**

75.     Defendants knowingly took an adverse action against Misner.

**ANSWER:     The allegations in Paragraph 75 of the Complaint call for a legal conclusion that is not amenable to admission or denial. To the extent an answer is required, Defendant denies the allegations in Paragraph 75 of the Complaint.**

76.     Defendants intentionally skipped progressive disciplinary steps in terminating Misner.

**ANSWER:     The allegations in Paragraph 76 of the Complaint call for a legal conclusion that is not amenable to admission or denial. To the extent an answer is required, Defendant denies the allegations in Paragraph 76 of the Complaint.**

77.     Defendants intentionally terminated Misner's employment.

**ANSWER:** **The allegations in Paragraph 77 of the Complaint call for a legal conclusion that is not amenable to admission or denial. To the extent an answer is required, Defendant denies the allegations in Paragraph 77 of the Complaint.**

78. Defendants intentionally took an adverse employment action against Misner.

**ANSWER:** **The allegations in Paragraph 78 of the Complaint call for a legal conclusion that is not amenable to admission or denial. To the extent an answer is required, Defendant denies the allegations in Paragraph 78 of the Complaint.**

79. Defendants intentionally took an adverse action against Misner.

**ANSWER:** **The allegations in Paragraph 79 of the Complaint call for a legal conclusion that is not amenable to admission or denial. To the extent an answer is required, Defendant denies the allegations in Paragraph 79 of the Complaint.**

80. Defendants knew that skipping progressive disciplinary steps in terminating Misner would cause Misner harm, including economic harm.

**ANSWER:** **Defendant denies the allegations in Paragraph 80 of the Complaint.**

81. Defendants knew that terminating Misner would cause Misner harm, including economic harm.

**ANSWER:** **Defendant denies the allegations in Paragraph 81 of the Complaint.**

82. Defendants willfully skipped progressive disciplinary steps in terminating Misner.

**ANSWER:** The allegations in Paragraph 82 of the Complaint call for a legal conclusion that is not amenable to admission or denial. To the extent an answer is required, Defendant denies the allegations in Paragraph 82 of the Complaint.

83. Defendants willfully terminated Misner's employment.

**ANSWER:** The allegations in Paragraph 83 of the Complaint call for a legal conclusion that is not amenable to admission or denial. To the extent an answer is required, Defendant denies the allegations in Paragraph 83 of the Complaint.

84. Defendants willfully took an adverse employment action against Misner.

**ANSWER:** The allegations in Paragraph 84 of the Complaint call for a legal conclusion that is not amenable to admission or denial. To the extent an answer is required, Defendant denies the allegations in Paragraph 84 of the Complaint.

85. Defendants willfully took an adverse action against Misner.

**ANSWER:** The allegations in Paragraph 85 of the Complaint call for a legal conclusion that is not amenable to admission or denial. To the extent an answer is required, Defendant denies the allegations in Paragraph 85 of the Complaint.

86. As a direct and proximate result of Defendants' conduct, Misner suffered and will continue to suffer damages.

**ANSWER:** The allegations in Paragraph 86 of the Complaint call for a legal conclusion that is not amenable to admission or denial. To the extent an answer is required, Defendant denies the allegations in Paragraph 86 of the Complaint.

## COUNT I: RETALIATION IN VIOLATION OF THE ADA

87.     Misner restates each and every prior paragraph of this complaint, as if it were fully restated herein.

**ANSWER:     In response to Paragraph 87 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 86 as if fully set forth herein.**

88.     As a result of Defendants' discriminatory conduct described above, Misner filed his Utah Charges due to the disability discrimination he was experiencing.

**ANSWER:     Defendant denies the allegations in Paragraph 88 of the Complaint.**

89.     Subsequent to Misner filing an EEOC complaint, Misner's employment was terminated.

**ANSWER:     Defendant denies the allegations in Paragraph 89 of the Complaint.**

90.     Defendants' actions were retaliatory in nature based on Misner's opposition to the unlawful discriminatory conduct.

**ANSWER:     Defendant denies the allegations in Paragraph 90 of the Complaint.**

91.     Pursuant to the ADA, it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

**ANSWER:     The allegations in Paragraph 91 of the Complaint call for a legal conclusion that is not amenable to admission or denial. To the extent an answer is required, Defendant admits the ADA prohibits retaliation against an employee who has opposed discrimination. Defendant denies engaging in any conduct giving rise to a cause of action. Defendant denies the remaining allegations in Paragraph 91 of the Complaint.**

92.     As a direct and proximate result of Defendants' conduct, Misner suffered and will continue to suffer damages.

**ANSWER:    Defendant denies the allegations in Paragraph 92 of the Complaint.**


**COUNT II: RETALIATION IN VIOLATION OF R.C. § 4112.01 *et seq.***

93.     Misner restates each and every prior paragraph of this complaint, as if it were fully restated herein.

**ANSWER:    In response to Paragraph 93 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 92 as if fully set forth herein.**


94.     As a result of Defendants' discriminatory conduct described above, Misner filed his Utah Charges due to the disability discrimination he was experiencing.

**ANSWER:    Defendant denies the allegations in Paragraph 94 of the Complaint.**


95.     Subsequent to Misner filing an EEOC complaint, Misner's employment was terminated.

**ANSWER:    Defendant denies the allegations in Paragraph 95 of the Complaint.**


96.     Defendants' actions were retaliatory in nature based on Misner's opposition to the unlawful discriminatory conduct.

**ANSWER:    Defendant denies the allegations in Paragraph 96 of the Complaint.**


97.     Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

**ANSWER:**    The allegations in Paragraph 97 of the Complaint call for a legal conclusion that is not amenable to admission or denial. To the extent an answer is required, Defendant admits the quoted language appears in R.C. § 4112.02(I). Defendant denies engaging in any conduct giving rise to a cause of action. Defendant denies the remaining allegations in Paragraph 97 of the Complaint.

98.    As a direct and proximate result of Defendants' conduct, Misner suffered and will continue to suffer damages.

**ANSWER:**    Defendant denies the allegations in Paragraph 98 of the Complaint.

## COUNT III: UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION

99.    Misner restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

**ANSWER:**    In response to Paragraph 99 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 98 as if fully set forth herein.

100.    Pursuant to R.C. § 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice..."

**ANSWER:**    The allegations in Paragraph 100 of the Complaint call for a legal conclusion that is not amenable to admission or denial. To the extent an answer is required, Defendant admits the quoted language appears in R.C. § 4112.02(J). Defendant denies engaging in any conduct giving rise to a cause of action. Defendant denies the remaining allegations in Paragraph 100 of the Complaint.

101.    Jean-Pierre aided, abetted, incited, coerced, and/or compelled Amazon's discriminatory termination of Misner.

**ANSWER:    Defendant denies the allegations in Paragraph 101 of the Complaint.**

102.    Jean-Pierre aided, abetted, incited, coerced, and/or compelled Amazon's discriminatory treatment of Misner.

**ANSWER:    Defendant denies the allegations in Paragraph 102 of the Complaint.**

103.    Jean-Pierre aided, abetted, incited, coerced, and/or compelled Amazon's retaliatory termination of Misner.

**ANSWER:    Defendant denies the allegations in Paragraph 103 of the Complaint.**

104.    Jean-Pierre aided, abetted, incited, coerced, and/or compelled Amazon's retaliatory treatment of Misner.

**ANSWER:    Defendant denies the allegations in Paragraph 104 of the Complaint.**

105.    Jean-Pierre violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting, and inciting discrimination and retaliation.

**ANSWER:    Defendant denies the allegations in Paragraph 105 of the Complaint.**

106.    As a direct and proximate result of Jean-Pierre's conduct, Misner has suffered and will continue to suffer damages.

**ANSWER:    Defendant denies the allegations in Paragraph 106 of the Complaint.**

## DEMAND FOR RELIEF

In response to the paragraph beginning WHEREFORE and its subparagraphs (a)-(f),

Defendant denies Plaintiff is entitled to any relief.

## GENERAL DENIAL

Any allegation in the Complaint that has not been expressly admitted is hereby denied.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any of the allegations in the Complaint and without admitting or acknowledging that it bears any burden of proof as to any of them, Defendant asserts the following affirmative and other defenses to Plaintiff's Complaint. Defendant intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer to assert all such further defenses.

1.      Plaintiff's Complaint fails to state one or more claims upon which relief may be granted.

2.      Some or all of Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

3.      Some or all of Plaintiff's claims are barred because he failed to comply with prerequisites for filing suit.

4.      Plaintiff's claims are barred and/or damages are limited by the doctrine of after-acquired evidence.

5.      Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, consent, release, ratification, and/or unclean hands.

6.      Actions taken with respect to Plaintiff's employment were, at all times, governed by legitimate, good faith business considerations that were consistent with applicable law, and they were not based on any unlawful factors.

7.      Plaintiff's claims are barred by Plaintiff's own intentional misconduct, violation of company policies, and other conduct justifying any adverse employment actions allegedly taken against Plaintiff.

8.      Actions taken with respect to Plaintiff's employment, if any, were based upon one or more legitimate, non-retaliatory business reasons. Accordingly, even if there was retaliatory animus present (which there was not), the same decision would have been made with respect to Plaintiff's employment – irrespective of such animus.

9.      Actions taken with respect to Plaintiff's employment were not extreme or outrageous, malicious, or for an ulterior purpose or motive.

10.     Plaintiff's injuries and/or damages, if any, were solely, directly, and proximately caused by Plaintiff's own actions or inactions and were not caused by Defendant.

11.     Plaintiff's damages, if any, are limited and/or foreclosed by Plaintiff's failure to reasonably mitigate his damages.

12.     To the extent Plaintiff has received income from other employment and other sources, such monies obtained after Plaintiff's employment at Defendant must be offset against any damages allegedly due to Plaintiff.

13.     Plaintiff's damages, if any, are speculative and remote, and thus are barred.

14.     There is no factual or legal basis for injunctive or equitable relief against Defendant.

15.     Any award of punitive damages would be inappropriate and unconstitutional because Defendant has not engaged in any intentional, willful, or malicious conduct toward Plaintiff; any actions taken regarding Plaintiff were in good faith and for legitimate, non-retaliatory reasons, in accordance with company internal policies, and not taken wantonly or with malice, bad faith, or reckless indifference to Plaintiff's protective rights; and/or there were reasonable grounds for believing the actions did not violate any law. Defendant did not willfully violate any laws with respect to their treatment of Plaintiff, negating Plaintiff's entitlement to punitive damages.

16.     Plaintiff is not entitled to punitive damages because such damages violate Defendant's federal and state constitutional rights to procedural and substantive due process and the constitutional right to be protected from excessive fines.

17.     Plaintiff's claims are subject to the provisions of O.R.C. § 2315.18-21 (Ohio Tort Reform), including but not limited to the provisions regarding bifurcation of any punitive damages claim, the caps on damages, and evidence regarding alleged punitive damages.

18.     Some or all of Plaintiff's claims and requested remedies are barred by the exclusivity provisions of applicable workers' compensation laws.

19.     Plaintiff was employed on an at-will basis.

20.     Plaintiff's claims are barred by the honest belief rule.

21.     Any injury, damages, or loss that may have been sustained by Plaintiff was proximately caused by Plaintiff's own misconduct or the misconduct of another and not by any act or omission of Defendant. Alternatively, because Plaintiff's own misconduct is greater than any act or omission of Defendant, any amount that Plaintiff might be entitled to recover against Defendant must be reduced by the amount of damages attributable to Plaintiff's own misconduct.

22.     Plaintiff's claim for punitive damages is foreclosed because Defendant took reasonable measures to comply with all applicable statutes prohibiting unlawful retaliation and Defendant is not aware of any unlawful retaliation directed at Plaintiff.

23.     Because Plaintiff's Complaint is couched in conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, Defendant reserves the right to assert additional affirmative defenses, if any, and to the extent that such affirmative defenses are applicable.

**PRAYER FOR RELIEF BASED ON DEFENDANT'S
ANSWERS AND DEFENSES**

WHEREFORE, Defendant requests judgment be granted in its favor and against Plaintiff in the following manner:

1.     The Complaint be dismissed in its entirety;

2.     Plaintiff be ordered to pay Defendant's reasonable attorneys' fees and costs incurred in defending this action; and

3.     Defendant be awarded such other relief as the Court may deem appropriate.

Respectfully submitted,


/s/ Jennifer B. Orr
Jennifer B. Orr, Bar No. 0084145
jorr@littler.com

LITTLER MENDELSON, P.C.
Key Tower
127 Public Square
Suite 1600
Cleveland, OH  44114-9612
Telephone:   216.696.7600
Facsimile:   216.696.2038

Attorneys for Defendant
AMAZON.COM SERVICES LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2024, I electronically filed the foregoing *Defendant's Answer to Plaintiff's Complaint for Damages and Injunctive Relief* with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Trisha Breedlove, Esq.
Gregory T. Shumaker, Esq.
SPITZ, THE EMPLOYEE'S LAW FIRM
1103 Schrock Road, Suite 307
Columbus, OH 43229
Email:   trisha.breedlove@spitzlawfirm.com
          greg.shumaker@spitzlawfirm.com

                           /s/ *Jennifer B. Orr*
                           Jennifer B. Orr

4874-9878-2367.4 / 114766-1157